O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUN - 4 2009

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER RODRIGUEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 08-1106 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

Plaintiff filed a Complaint herein on August 20, 2008, seeking review of the Commissioner's denial of her application for Supplemental Security Income benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on May 28, 2009. Thus, this matter now is ready for decision.[1]

## DISPUTED ISSUES

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal are as follows:

1. Whether the Appeals Council properly considered the June 28, 2008 Work Capacity Evaluation (Mental) form completed by one of plaintiff's treating physicians.

2. Whether the Administrative Law Judge ("ALJ") properly considered the type, dosage, effectiveness, and side effects of plaintiff's medications.

3. Whether the ALJ properly considered the treating clinician's opinion of plaintiff's functional status.

4. Whether the ALJ properly considered the State Agency psychiatrist's Mental Residual Functional Capacity Assessment.

5. Whether the ALJ properly considered the severity of plaintiff's mental impairment.

## DISCUSSION

With respect to Disputed Issue No. 2, for the reasons stated by the Commissioner (see Jt Stip at 8-9), the Court finds and concludes that reversal is not warranted based on the ALJ's alleged failure to properly consider the type, dosage, effectiveness, and side effects of plaintiff's medications.

The remaining disputed issues are directed to the ALJ's finding at Step Two of the Commissioner's sequential evaluation process that plaintiff did not suffer from a severe mental impairment. (See AR 17-18). A psychiatric impairment may be found "not severe" at Step Two of the Commissioner's sequential evaluation process only where the impairment "has no more than a minimal effect" on the claimant's mental ability to perform basic work activities. If a finding of non-severity is not "clearly established by medical evidence," adjudication must continue through the sequential

evaluation process. See Social Security Ruling[2] ("SSR") 85-28; SSR 96-3p; see also Yuckert v. Bowen, 841 F.2d 303, 306-07 (9th Cir. 1988); McDonald v. Secretary of Health & Human Svcs., 795 F.2d 1118, 1124-25 (1st Cir. 1986). Here, the Court finds that medical evidence did not "clearly establish" a finding of non-severity for the following reasons.

    First, the non-severity finding cannot be reconciled with the opinions of Dr. Dhillon that are reflected in his June 28, 2008 Work Capacity Evaluation (Mental) form. The law is well established in the Ninth Circuit that where, as here, the Appeals Council considers additional evidence but denies review, the additional evidence becomes a part of the Administrative Record for purposes of the Court's analysis. See Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993) ("[A]lthough the Appeals Council 'declined to review' the decision of the ALJ, it reached this ruling after considering the case on the merits; examining the entire record, including the additional material; and concluding that the ALJ's decision was proper and that the additional material failed to 'provide a basis for changing the hearing decision.' For these reasons, we consider on appeal both the ALJ's decision and the additional material submitted to the Appeals Council."); see also Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (the court may properly consider the additional materials because the Appeals Council addressed them in the context of denying appellant's request for review); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("Although the ALJ did not have the advantage of this opinion letter, the Appeals Council considered this information and it became part of the record we are required to review as a whole.").[3] The Commissioner's own regulations

---

    [2] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

    [3] The case cited by the Commissioner, Russell v. Bowen, 856 F.2d 81, 83-
(continued...)

are in accord. See 20 C.F.R. §§ 404.970(b), 416.1470(b). Thus, it was incumbent on the Appeals Council to provide specific and legitimate reasons for rejecting the opinions reflected in Dr. Dhillon's June 28, 2008 mental work capacity evaluation if the Appeals Council was not going to credit those opinions. As a result of the Appeals Council's failure to do so, the non-severity finding cannot be affirmed.

Second, the Court concurs with plaintiff that the ALJ erred in his Step Two determination by failing to properly consider the treating clinician's September 23, 2003 opinion that plaintiff suffered from a severe mental impairment, as evidenced by the clinician's rating of plaintiff's Global Assessment of Functioning ("GAF") at 50.[4] (See AR 317, 535). The Court notes that the same GAF assessment was provided in the unsigned report from Upland Community Counseling dated May 3, 2004. (See AR 304). Even assuming that Ms. Nelsen did not qualify as an acceptable medical source under the rationale of Gomez v. Chater, 74 F.3d 967, 971 (9th Cir.1996) (holding that a nurse practitioner's opinion constituted an acceptable medical source where the nurse "worked closely under the supervision" of the doctor such that the nurse was "acting as an agent" of the doctor), her opinion nevertheless constituted competent evidence to show the severity of plaintiff's mental impairment

---

[3](...continued)
84 (9th Cir. 1988), dealt with a different issue. There, the issue was whether, for purposes of determining whether the claimant was "close to retirement age," the relevant date was the time the Appeals Council denied review or the time of the ALJ's decision.

[4] A GAF of 50 is indicative of "[s]erious symptoms *(e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting)* or any serious impairment in social, occupational, or school functioning *(e.g., no friends, unable to keep a job)*." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed.). By way of contrast, the GAF range for "absent or minimal symptoms" is 81-90, the range for "mild symptoms" is 61-70, and the range for "moderate symptoms" is 51-60. Id.

4

that the ALJ was required to consider under the Commissioner's regulations. See 20 C.F.R. §§ 404.1513(d), 416.913(d); see also 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00C(1)(c). Thus, it was incumbent on the ALJ to state specific reasons germane to Ms. Nelsen's opinion before disregarding this evidence. See, e.g., Bain v. Astrue, 2009 WL 631323, *2 (9th Cir.) (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); Smolen v. Chater, 80 F.3d 1273, 1288-89 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). Simply disregarding this evidence without stating any reasons for doing so, as the ALJ did here, was error.

Third, the Court concurs with plaintiff that the ALJ erred in his Step Two determination by failing to properly consider the State Agency psychiatrist's opinions. Although the Commissioner is correct that the ALJ incorporated his summary of the evidence from his prior decision (see AR 18) and the ALJ did specifically reference in his prior decision Dr. Schiff's assessment that plaintiff was moderately limited in the ability to understand and remember detailed instructions, as well as in the ability to carry out detailed instructions (see AR 61, 372), the ALJ failed to explain in his decision the weight given to Dr. Schiff's assessment of those moderate limitations. Likewise, the ALJ failed to explain the weight given to Dr. Schiff's opinion that plaintiff's mental impairment precluded her from working with the public. (See AR 374). Under Social Security Ruling 96-6p, findings by a State Agency consultant physician regarding the nature and severity of an impairment must be treated as expert opinion evidence and may not be ignored by the ALJ. Thus, it was incumbent on the ALJ to explain in his decision the weight given to the foregoing opinions of Dr. Schiff. See also Bain, 2009 WL 631323, at *2. The ALJ erred in failing to do so.

### Order

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See,

5

e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635.

This is not an instance where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed. The Court has found that, with respect to plaintiff's mental impairment, the ALJ erred at Step Two of the Commissioner's sequential evaluation process. Remand therefore is appropriate to allow the Commissioner to continue the sequential evaluation process starting at Step Three.[5]

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[6]

DATED: June 3, 2009

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[5] There is no reason for the Court to direct the manner in which the Commissioner performs Steps Three, Four and Five (if reached), and the Court declines to do so. Moreover, the Court is not foreclosing the possibility of Dr. Dhillon's, Ms. Nelsen's and Dr. Schiff's opinions regarding plaintiff's mental impairment being rejected on remand, based on the substantial evidence of record (including any new evaluations from consultative examinations hereafter conducted) and application of the proper legal standards.

[6] It is not the Court's intent to limit the scope of the further proceedings on remand.